| | |
|---|---|
| **From:** | Joshua Miller |
| **To:** | carson@ned.uscourts.gov; dchurch_mwcattorneys.com; Isaiah J. Frohling; bbutner_mwcattorneys.com; Susan K. Sapp |
| **Cc:** | Paul Banker; Randy LeNeave; Mark Triola; Sherri Maas; Tate McAllan |
| **Subject:** | RE: Galinda Halle v BNSF Railway Company, Zachary Thompson and Aiden Nelson Case No. 8:23-cv-213 |
| **Date:** | Friday, October 17, 2025 10:58:20 AM |
| **Attachments:** | image001.png |

**CAUTION - EXTERNAL:**

Judge Carson,

    I write in response to Defense counsel's email below. First, Defense counsel's timeline and accusation that Plaintiff's counsel somehow simply did not respond to the proverbial requested second bite at the apple depositions is disingenuous at best. Plaintiff's counsel and Defendant's counsel spoke about this request nearly a month ago on September 22, 2025, at which time Plaintiff's counsel requested what good cause would warrant Defendant to take a second deposition of the Plaintiff and a second deposition of her treating doctor. The only rationale Defendant's counsel articulated to Ms. Halle's counsel for re-deposing Halle and her treating doctor, as seen provided below, was the passage of time. A fact true in every single case. Plaintiff's counsel then stated that sole fact is not sufficient good cause to warrant re-opening discovery and permitting cumulative and duplicative depositions. A fact even more evident when it is recognized that Defendant has, and continues to, receive medical records from Dr. Fattig outlining his treatment and interactions with Ms. Halle.

    There has been no change in the injuries being claimed by Plaintiff or even some new surgery performed since the close of discovery in this matter. There is no reason to believe Dr. Fattig's opinions and testimony already provided in his discovery deposition have altered or that there has been any other material shift since that time. It is not at all unusual for treatment to be ongoing, and defendant has shown no good cause for re-deposing Halle or Dr. Fattig because it would mean that any routine ongoing treatment would somehow entitle a party to a second deposition of both a Plaintiff and a treating doctor even if the party articulated no specific change in the deponent's condition. If Defendant wishes to develop evidence on Halle's subsequent treatment or condition, there is nothing preventing the railroad from gathering updated testimony at trial, as is done in every case for every witness.

    Additionally, there is no reason for Defendant's eleventh-hour request on the door-steps of trial submissions and trial. In fact, the trial evidentiary deposition of Dr. Fattig has already been set for November 4, 2025. Re-deposing Halle and her treating doctor would be unreasonably cumulative and duplicative because the railroad has not shown any meaningful difference between the information obtained in the first depositions and the information that would be obtained from second depositions. Furthermore, Defendant has already had ample opportunity to seek the same information through earlier discovery, and it retains the

opportunity to seek the same information when Halle and her treating Doctor are on the witness stand. Under Rule 30 there is a presumption that a person will be deposed only once, and leave for a second deposition may only be granted with the movant showing a good cause under very limited circumstances. Here, simply put, there is no good cause to permit Defendant multiple new depositions.

Sincerely,

Joshua N. Miller



Hunegs LeNeave & Kvas | 1000 Twelve Oaks Center Drive | Suite 101
Wayzata, MN  55391
Direct: 952.767.7188
jmiller@hlklaw.com

---

**From:** Daniel Church <dchurch@mwcattorneys.com>
**Sent:** Thursday, October 16, 2025 5:00 PM
**To:** carson@ned.uscourts.gov
**Cc:** Paul Banker <PBanker@HLKLAW.COM>; Isaiah J. Frohling <ifrohling@clinewilliams.com>; Blake Butner <bbutner@mwcattorneys.com>
**Subject:** Galinda Halle v BNSF Railway Company, Zachary Thompson and Aiden Nelson Case No. 8:23-cv-213

Judge Carson below is a brief summary of a "discovery" dispute between Plaintiff and Defendants.

In reference to a recent conversation with Judge Carson's clerk, below is a brief summary of a discovery dispute in this case.

As counsel for defendant BNSF, I contacted plaintiff's counsel requesting dates for supplemental depositions of Plaintiff Gelinda Halle and Dr. Thomas Fattig.
Plaintiff's counsel did not respond with any dates or to advise defendant's counsel he objects to the depositions proceeding.  Defendant filed Notice of Depositions for Galinda Halle and Dr. Fattig for October 28 and 29, 2025.  Once counsel received the Deposition Notices, plaintiff's counsel contacted the undersigned counsel advising that he objects to these depositions being taken after the discovery deadline despite defendant's counsel explaining why the depositions were necessary.

As this Court is aware, this case has been on file since May 24, 2023.  A Scheduling Order (Supplemental Scheduling Order) was approved and filed on August 21, 2024.

This Order provided a discovery deadline for depositions was November 15, 2024.

What has precipitated the need for these two very brief zoom depositions is the following:

**Gelinda Halle**

Plaintiff was deposed on May 1, 2024. Since her deposition, Ms. Halle has continued to treat with Dr. Fattig. Ms. Halle has seen Dr. Fattig on multiple occasions since her deposition and, apparently, received Toradol injections weekly. Plaintiff claims she cannot return to work as an engineer but stated in her deposition a desire to do so. Since her treatment has continued after her deposition, defendant needs to inquire about the treatment, what Ms. Halle has told Dr. Fattig about returning to work and what she should do so she can return to work for BNSF, particularly since Dr. Fattig lists no reason why she cannot return to work on the scant paperwork provided to BNSF . This evidence is important to defendant's expert witnesses.

In addition, since her deposition, Ms. Halle has purportedly applied for various jobs outside the Railroad in the Alliance, Nebraska, area. She claims she could not get hired because her skills are outdated. Defendant should be entitled to inquire about the applications for employment and what occurred at the interviews. This evidence is important to BNSF's vocational rehabilitation expert witness. Since her deposition plaintiff has filed seven(7) Supplemental Disclosures, providing limited documents about some of the prospective employers .

Further, since Ms. Halle's deposition, she has enrolled at Western Nebraska Community College, which is being paid for by BNSF. According to her attorney, she has reduced her course load to one class due to her anxiety of being an older, outdated student. All of these issues need to be explored at her deposition. This evidence is also important to defendant's vocational rehabilitation expert witness.

These subjects could be addressed in a fairly short time frame and can be done by Zoom at very little inconvenience to the parties.

**Dr. Fattig**

Plaintiff contacted defense counsel requesting an evidentiary deposition on November 4, 2025, for Dr. Fattig. Defense counsel requested that he be afforded an opportunity, approximately one hour before the evidentiary deposition, to conduct a brief discovery deposition, since Dr. Fattig has continued to treat plaintiff after both Ms. Halle and Dr. Fattig's 2024 depositions. Plaintiff's counsel refused to agree to this request and now objects to any other deposition of Dr. Fattig.

Dr. Fattig continues to submit one sentence records that Ms. Halle cannot return to work but gives no reason. He continues to treat Ms. Halle, prescribing Toradol injections every week. Defendant should be entitled to inquire about why he continues to keep Ms. Halle off work and why these Toradol injections are necessary

and whether this treatment is in accordance with health care standards. All this evidence is important for defendant's expert orthopedic surgeon to review regarding his opinions in this case as well as defendant's vocational rehabilitation expert witness. These two depositions would be very short in duration but should be conducted before Fattig's evidentiary deposition scheduled for 10:00 a.m., on November 4, 2025. The foregoing discovery is necessary and should be allowed to avoid prejudice to defendants, which outweighs any inconvenience to any party even though the discovery deadline has passed. In many cases, when a plaintiff continues to receive medical attention throughout the case, the parties are typically afforded an opportunity to conduct further discovery about any new facts. Defendants should be afforded the same opportunity here.

*Daniel F. Church*

MORROW WILLNAUER CHURCH, L.L.C.
8330 Ward Parkway, Ste. 300
Kansas City, Missouri 64114
816.382.1382
F: 816.382.1383
C: 816.225.2171
dchurch@mwcattorneys.com

The information contained in this e-mail and any attachments hereto is confidential. If you are not the intended recipient, you must not use or disseminate any of this information. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and permanently delete the original e-mail (and any attachments hereto) and any copies or printouts thereof. Although this e-mail and any attachments hereto are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Allied World Assurance Company Holdings, GmbH or its subsidiaries or affiliates, either jointly or severally, for any loss or damage arising in any way from its use. If you'd prefer not to hear from me by email, please reply back and let me know and I'll update my records accordingly.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.