IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GELINDA J. HALLE,<br><br>            Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY, ZACHARY THOMPSON, and AIDEN NELSON,<br><br>            Defendants. | 8:23CV213<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on plaintiff Gelinda J. Halle's ("Halle") Motion to Dismiss defendants Zachary Thompson ("Thompson") and Aiden Nelson ("Nelson") with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Filing No. 149). Halle states this dismissal will streamline the issues for trial and would not prejudice any party. There are no counterclaims between the individual parties she seeks to dismiss and the third defendant in the case, BNSF Railway Company. Thompson and Nelson do not oppose dismissal and have filed a brief in support of dismissing with prejudice (Filing No. 151).

      After "the opposing party serves either an answer or a motion for summary judgment . . . an action may be dismissed at [Halle's] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). By its terms, Rule 41(a)(2) allows a plaintiff to move to dismiss "an action" but does not specifically address the dismissal of individual claims or parties to a lawsuit. Fed. R. Civ. P. 41(a); *see also* 9 Wright & Miller's Federal Practice and Procedure § 2362 (4th ed. September 2025 Update) (describing the "confusion" caused by the phrasing of Rule 41(a)). Indeed, Rule 41(b)—a later provision in the same rule—distinguishes between an *action* and a *claim*: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

In certain circumstances, this Court and others have concluded that amendments under Federal Rule of Civil Procedure 15(a) are the more appropriate route to effectuating such partial dismissals. *See Mulhall v. Auto-Owners Ins.*, No. 8:24CV251, 2024 WL 3598916, at *1 (D. Neb. July 31, 2024) (requiring the plaintiff to file an amended complaint to voluntarily dismiss a claim); *accord Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (explaining that "Rule 41(a) should be limited to dismissal of an entire action"); *see also* 9 Wright & Miller § 2362 (collecting cases). But amending the complaint is not as effective here where the parties want to dismiss the claims against Thompson and Nelson with prejudice.

Though the Eighth Circuit has not weighed in on this issue recently, it previously recognized that the differences between Rule 15(a) and 41(a) "may not be material[.]" *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977) (quoting *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966)). Given the facts of this case, the Court will not require Halle to amend her complaint. Accordingly,

IT IS ORDERED:

1. Plaintiff Gelinda J. Halle's Motion to Dismiss under Rule 41(a)(2) is granted. Defendants Zachary Thompson and Aiden Nelson and the claims against them are dismissed from this matter with prejudice, with each party bearing its own costs and attorney's fees.
2. Halle's claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, will proceed against defendant BNSF Railway Company.

Dated this 11th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge